NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000282
23-JUN-2023
08:03 AM
Dkt. 43 SO

NO. CAAP-22-0000282


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


REGINA A. CODA, Claimant-Appellant-Appellant,
v.
STATE OF HAWAI'I, DEPARTMENT OF HEALTH,
Employer-Appellee-Appellee,
and
STATE OF HAWAI'I, DEPARTMENT OF HUMAN RESOURCES
DEVELOPMENT, WORKERS' COMPENSATION DIVISION,
Insurance Carrier-Appellee-Appellee


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2019-274 and DCD NO. 2-99-40374)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Nakasone and McCullen, JJ.)


Self-represented Claimant-Appellant-Appellant Regina
A. Coda (**Coda**) appeals from a February 3, 2022 Decision and
Order (**Decision and Order**) by the Labor and Industrial Relations
Appeals Board (**LIRAB**), finding that Coda was entitled to have a
workers' compensation claim reopened for a work injury sustained
on March 18, 1999; and a March 28, 2022 Order Denying Motion for

Reconsideration (**Order Denying Reconsideration**), denying Coda's request to reconsider the Decision and Order.[1]

On appeal, Coda appears to contend that the February 3, 2022 Decision and Order was based on "erroneous statements," that it "did not address all the facts in question at the [t]rial," and that it contained a false statement that Coda withdrew her appeal in 2001.[2]

Coda's Opening Brief does not comply with HRAP Rule 28. There are no points of error, no record references, and minimal discernible arguments. There are no transcripts of the February 17, 2022 trial or the March 17, 2022 reconsideration hearing that led to the orders from which Coda appeals. See HRAP Rule 10(b)(1)(A) (requiring a transcript request "[w]hen an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the court appealed from . . . ."); Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." (brackets, citation, and internal quotation marks omitted)).

Despite non-compliance with the HRAP, we endeavor to afford "litigants the opportunity to have their cases heard on

---

[1] Coda's Notice of Appeal (**Notice**) does not identify or attach the orders appealed from. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 3(c)(2) (requiring the notice of appeal to "designate the judgment, order, or part thereof . . . appealed from."). Coda's Opening Brief challenges the Decision and Order in her Opening Brief, Coda filed the Notice within 30 days of the Order Denying Reconsideration, and we construe the appeal as encompassing the same.

[2] In her concluding "[r]equest" on the last page, Coda requests "[r]ecertification and modification of Boards [sic] reverse decision [sic] dated November 7, 2019." This request does not make sense. The February 3, 2022 LIRAB Decision and Order ruled in Coda's favor, reversing the November 7, 2019 Director's decision that was adverse to Coda.

the merits, where possible." Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (cleaned up). To promote access to justice, we interpret pleadings prepared by self-represented litigants liberally and attempt to afford them appellate review even though they fail to comply with court rules. See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).

Upon careful review of the record and the brief submitted by Coda,[3] we affirm.

The procedural history of this appeal is set forth in the Decision and Order. The issue decided by LIRAB in the February 3, 2022 Decision and Order was whether the Director of Labor and Industrial Relations (**Director**) erred in denying Coda's April 20, 2019 request to reopen her claim for her 1999 work injury. Following a trial on February 17, 2021, LIRAB reversed the Director's November 7, 2019 decision, and concluded that the Director erred in denying Coda's request to reopen her 1999 workers' compensation claim. The Decision and Order also noted that Coda "raise[d] arguments either unrelated to the issue on appeal or related to matters outside of Chapter 386, [Hawaii Revised Statutes,]" and that the LIRAB's "authority is limited to the issue on appeal."

On February 16, 2022, Coda sought reconsideration of the Decision and Order, arguing that the decision "should date back to the onset of injury [on August 9, 1993] as supported by the evidence in the medical records." On March 17, 2022, a hearing was held,[4] and on March 28, 2022, the LIRAB filed its Order Denying Reconsideration, finding that Coda "presented

---

[3]    None of the parties to the LIRAB proceeding below filed an Answering Brief.

[4]    The March 17, 2022 hearing is not in the record on appeal.

3

arguments which were in part outside of the Board's jurisdiction."  Coda timely appealed.

From what we can discern, Coda appears to contend that the Decision and Order contains "erroneous statements" such as the withdrawal of her prior appeal, and that it "did not address all the facts in question at the [t]rial."  Coda, however, does not specify what statements were "erroneous"; does not provide discernible arguments supporting these contentions; nor is it apparent why the Decision and Order had to address these issues.[5] We do not address Coda's contentions.  See HRAP Rule 28(b)(7) ("Points not argued may be deemed waived."); see Haw. Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 478, 164 P.3d 696, 736 (2007) (stating that "an appellate court is not obliged to address matters for which the appellant has failed to present discernible arguments.").

For the foregoing reasons, we affirm the February 3, 2022 Decision and Order and the March 28, 2022 Order Denying Motion for Reconsideration, both filed by the Labor and Industrial Relations Appeals Board.

DATED:  Honolulu, Hawaiʻi, June 23, 2023.

On the briefs:

Regina A. Coda,
Self-Represented Claimant-
Appellant.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[5]    The Decision and Order described the "sole issue determined on this appeal" before the LIRAB as "whether the Director erred in denying [Coda]'s April 20, 2019 (filed on July 23, 2019) request to reopen her claim for a work injury sustained on March 18, 1999."